1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2021

SEAN F. McAVOY, CLERK

4

5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF WASHINGTON**

7 | ADRIANA R.,[1]                | No. 2:20-cv-00261-MKD

                    Plaintiff,

8 |                              | ORDER GRANTING PLAINTIFF'S
     vs.                          MOTION FOR SUMMARY

9 |                              | JUDGMENT AND DENYING
    ANDREW M. SAUL,                DEFENDANT'S MOTION FOR

10 | COMMISSIONER OF SOCIAL       | SUMMARY JUDGMENT
     SECURITY,

11 |                    Defendant. | ECF Nos. 14, 16, 18

12

13        Before the Court are the parties' cross-motions for summary judgment.  ECF

14   Nos. 14, 16, 18.[2]  The parties consented to proceed before a magistrate judge.  ECF

15   _____

16   [1] To protect the privacy of plaintiffs in social security cases, the undersigned

17   identifies them by only their first names and the initial of their last names.  *See*

18   LCivR 5.2(c).

19   [2] The Court ordered supplemental briefing, ECF No. 17, the response to which

20   Plaintiff styled as a supplemental motion for summary judgment, ECF No. 18.

ORDER - 1

No. 7.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 14, and denies Defendant's motion, ECF No. 16.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On January 7, 2015, Plaintiff applied both for Title II disability insurance

benefits and Title XVI supplemental security income benefits alleging an amended

disability onset date of February 17, 2014.  Tr. 23, 113, 378-98.  The applications

were denied initially and on reconsideration.  Tr. 190-93, 200-21.  Plaintiff

appeared before an administrative law judge (ALJ) on July 11, 2017.  Tr. 44-70.

On August 11, 2017, the ALJ denied Plaintiff's claim.  Tr. 158-83.  Plaintiff

appealed the denial and the claim was remanded by the Appeals Council.  Tr. 184-

ORDER - 6

88.  Plaintiff appeared for a remand hearing on April 23, 2019.  Tr. 71-101.  On May 13, 2019, the ALJ again denied Plaintiff's claim.  Tr. 15-43.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through March 31, 2019, has not engaged in substantial gainful activity since February 17, 2014.  Tr. 23.  At step two, the ALJ found that Plaintiff has the following severe impairments: mild right carpal tunnel syndrome, right shoulder impingement status post-surgery, left hip labral tear status post-surgery, cervical degenerative disc disease, and mild lumbar spine spurring.  Tr. 23-24.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 25.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can only stand or walk 1 hour at a time for 4 hours in an 8-hour workday.  She can occasionally push and pull and reach bilaterally, kneel, and crawl, frequently climb stairs and ramps, stoop, and crouch, and never climb ropes, ladders, or scaffolds.  She can occasionally handle, and frequently finger and feel objects.  She should avoid frequent exposure to excessive vibrations, use of dangerous or moving machinery, and exposure to unprotected heights.

*Id.*

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work.  Tr. 32.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert,

ORDER - 7

there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as meter reader and merchandise marker.  Tr. 33. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of February 17, 2014, through the date of the decision.  Tr. 34.

On June 10, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-8, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence; and

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 14 at 16.

## DISCUSSION

### A. Medical-Vocational Rules

As an initial matter, the Court ordered supplemental briefing on Plaintiff's ability to communicate in English, and the impact of her potential inability to

communicate in English on the relevant Medical-Vocational Rule.  ECF No. 17.

Plaintiff failed to challenge the ALJ's application of the Medical-Vocational Rules

in the opening brief.  The Court ordinarily will not consider matters on appeal that

are not specifically and distinctly argued in an appellant's opening brief.  *See*

*Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.

2008).  The Ninth Circuit "has repeatedly admonished that [it] cannot

'manufacture arguments for an appellant.'"  *Independent Towers v. Washington,*

350 F.3d 925, 929 (9th Cir.2003) (quoting *Greenwood v. Fed. Aviation Admin.,* 28

F.3d 971, 977 (9th Cir.1994)).  Rather, the Court will "review only issues which

are argued specifically and distinctly."  *Independent Towers*, 350 F.3d at 929.

When a claim of error is not argued and explained, the argument is waived.  *See id.*

at 929-30 (holding that party's argument was waived because the party made only

a "bold assertion" of error, with "little if any analysis to assist the court in

evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d

844, 873 n.34 (9th Cir.2001) (finding an allegation of error was "too undeveloped

to be capable of assessment").

Based on the foregoing, the Court would be reasonably justified in finding

Plaintiff's arguments in the opening brief waived, and affirming the ALJ's

decision.  However, the Court is mindful of the potential harsh outcome, which

could leave a meritorious claimant without Social Security benefits to which she

may be entitled when the fault lies solely with counsel.  With this in mind, the

Court has reviewed the record, the ALJ's findings, and the supplemental briefing.

The ALJ applied Medical-Vocational Rules 202.11 and 202.18 in this case.

Tr. 33.  Both rules apply to claimants who are able to communicate in English.  20

C.F.R. § 404, Appendix 2 to Subpart P.  In the 2017 decision, the ALJ found

Plaintiff is not able to communicate in English and thus is considered in the same

way as an individual who is illiterate in English.  Tr. 174.  However, in 2019, the

ALJ found Plaintiff is able to communicate in English. Tr. 33.  The ALJ does not

provide an explanation for the change in the analysis of Plaintiff's literacy.

There is substantial evidence in the record that demonstrates Plaintiff has

been unable to communicate in English throughout the relevant period.  Plaintiff

reported on her disability report that she cannot speak, understand, read, or write

English.  Tr. 454.  Plaintiff attended school in Mexico through the sixth grade and

testified at her 2019 hearing that she can "understand a little, and I can speak a

little bit" of English, and she can read and write in English "just a little bit."  Tr.

54-55.  At medical visits, providers noted Plaintiff is a "Spanish-speaking female,"

Tr. 1024, "speaks no English," Tr. 644, and noted Plaintiff received assistance

completing written intake forms in English, Tr. 645, and the records from

Plaintiff's Workers' Compensation claim noted Plaintiff "is not fluent in the

English language," and "has limited English skills," Tr. 526, 757.  Plaintiff was

noted as having an interpreter at multiple appointments through 2018.  Tr. 869, 989-92, 1159.  Plaintiff relied on a Spanish interpreter at the 2019 hearing, Tr. 73-74.

Defendant argues there is substantial evidence to support the 2019 finding that Plaintiff can communicate in English.  ECF No. 19 at 2-4.  Defendant cites to Plaintiff's testimony that she can communicate in English "a little," Plaintiff taking community college classes to learn English, and her ability to complete her function report and interview for benefits in English.  *Id.* (citing Tr. 452, 465-72). However, the evidence of Plaintiff's function report and interview for benefits both existed at the time the ALJ previously found Plaintiff unable to communicate in English.  Even after taking the English classes, Plaintiff reported she can only understand and speak "a little" English.  Tr. 55.  Plaintiff was not asked when she attended the English classes, however records from June 2017 indicate Plaintiff had taken the courses prior to the 2017 hearing, as she reported trying to learn English in a classroom setting but she discontinued the classes because the writing caused an increase in pain, and she continued to "not speak English nor read and write," as of June 2017.  Tr. 527.  The ALJ erred in finding Plaintiff was able to communicate in English, without citing to any evidence to demonstrate Plaintiff gained proficiency in English since the 2017 hearing.  This error was harmful.

ORDER - 11

The ALJ found Plaintiff capable of performing light work with additional limitations, and considered the Medical-Vocational Rules applicable for individuals with light RFCs.  Tr. 25, 32-33.  Due to the ALJ's finding that Plaintiff could communicate in English, he applied the Medical-Vocational Rules 202.11 and 202.18, which directed a finding Plaintiff was not disabled.  Tr. 33.  However, the rule for someone who is age 50 to 54 and who is illiterate or unable to communicate in English is Rule 202.09; while Rule 202.09 states a finding of disability is directed for those with unskilled or no work, the rule also applies to individuals with skilled work who can no longer perform their past work and who do not have transferrable skills.[3]  POMS DI 25025.025(B).  The ALJ found Plaintiff has skilled past relevant work, but found Plaintiff was unable to perform her past work.  Tr. 32.  The vocational expert testified that Plaintiff does not have any transferrable skills.  Tr. 63.  As Plaintiff was limited to light work, is unable to perform her past work, and has no transferrable skills, Rule 202.09 directed the

---

[3] A claimant's ability to communicate in English was removed from consideration in the Medical-Vocational Rules, effective April 27, 2020.  Removing Inability to Communicate in English as an Education Category, 85 Fed. Reg. 10,586 (Feb. 25, 2020).  The Court applies the regulation in effect at the time of the ALJ's decision.

ORDER - 12

ALJ to find Plaintiff disabled as of November 13, 2017 if Plaintiff was found unable to communicate in English.[4]

The ALJ also applied the rule for individuals who can communicate in English to the time period prior to November 13, 2017.  *See*  20 C.F.R. § 404, Appendix 2 to Subpart P.  Tr. 33.  While Rule 202.16 directs a finding of non-disability, Rule 201.17 directs a finding of disability had the ALJ found Plaintiff's limited light RFC equated to a sedentary RFC rather than a light RFC.  It is unclear if the ALJ would have considered his decision differently had he found Plaintiff unable to communicate in English.  As such, the ALJ harmfully erred in finding Plaintiff can communicate in English, without providing any explanation for the finding.  On remand, the ALJ is directed to incorporate Plaintiff's inability to communicate in English into his findings, including applying the relevant Medical-Vocational Rule and considering the impact of Plaintiff's language skills at step five, or provide an explanation, supported by substantial evidence, as to why Plaintiff is able to communicate in English.

---

[4] An individual attains a particular age on the day before their birthday.  20 C.F.R. § 404.102.  As such, Plaintiff attained age 50 on November 13, 2017.

ORDER - 13

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ improperly evaluated the medical opinions.  ECF No. 14 at 19-20.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff generally asserts that the ALJ improperly relied on non-examining medical sources over treating and examining sources.  ECF No. 14 at 20.  The ALJ addressed the opinions of a Robert Thompson, M.D., a testifying medical expert; Arild Lein, M.D., a consultative examiner; Zach Strandy, DPT, a treating physical therapist; B.T. Humble, D.O., a reviewing source; Ms. Lindsey Urso, PA-C, a treating physician assistant; Christie Cebalios, PA-C, a treating physician assistant; Ryan Barnes, M.D., a treating provider; Amy Dowell, M.D., an examining source; and Barney Greenspan, Ph.D., Lisa Fitzpatrick, Psy.D., and Greg Saue, M.D., the State agency psychological and medical consultants.  Tr. 30-32.  While Plaintiff lists every examining and treating source, Plaintiff generally made broad statements about the ALJ improperly rejecting the medical opinions, without addressing which opinions were improperly rejected, nor addressing the reasons offered by the ALJ to reject the opinions, nor addressing how any error is harmful

for most of the opinions.  *See id.* at 13, 18-21.  Plaintiff's failure to argue the

matter with specificity amounts to a waiver of the argument.  *See Carmickle,* 533

F.3d at 1161 n.2.  However, as the case is being remanded on other grounds, the

Court has considered the ALJ's decision and the evidence.

### 1.  *Single Decision Maker*

The ALJ gave great weight to the "medical consultant's assessments."  Tr.

32.  An ALJ may not accord any weight to a non-physician single decision-maker

(SDM) opinion.[5]  *Morgan v. Colvin*, 531 Fed. App'x 793, 794-95 (9th Cir. June 21,

2013) (unpublished) (citing Program Operations Manual System DI 24510.050).

There is only one assessment from a medical consultant in the file; the other

assessment was completed by an SDM.  Tr. 110, 122, 137, 153.  As the ALJ

referenced multiple "assessments," it is unclear if the ALJ gave weight to the

_____

[5] Under the single decision maker (SDM) model, a State agency disability analyst

is able to determine a claimant's eligibility for benefits and sign the determination,

without having a medical consultant sign the determination, though the analyst

should have a psychological consultant complete the medical section, and mental

RFC, if there is evidence of a mental impairment.  20 C.F.R. §§ 404.906(b)(2),

416.1406(b)(2).

1  opinion of the SDM in his analysis.  On remand, the ALJ is directed to give no

2  weight to the SDM.

3      *2. Other Opinion Evidence*

4          As the case is being remanded to reconsider Plaintiff's ability communicate

5  in English, and to give no weight to the SDM, the ALJ is also directed to

6  reconsider the other medical opinion evidence and perform the five-step analysis

7  anew.

8  **C. Plaintiff's Symptom Claims**

9          Plaintiff faults the ALJ for improperly discrediting her symptom claims.

10  ECF No. 14 at 16-19.  An ALJ engages in a two-step analysis to determine whether

11  to discount a claimant's testimony regarding subjective symptoms.  SSR 16–3p,

12  2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is

13  objective medical evidence of an underlying impairment which could reasonably

14  be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at

15  1112 (quotation marks omitted).  "The claimant is not required to show that [the

16  claimant's] impairment could reasonably be expected to cause the severity of the

17  symptom [the claimant] has alleged; [claimant] need only show that it could

18  reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572

19  F.3d 586, 591 (9th Cir. 2009).

20

ORDER - 17

1    Second, "[i]f the claimant meets the first test and there is no evidence of

2    malingering, the ALJ can only reject the claimant's testimony about the severity of

3    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

4    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

5    omitted).  General findings are insufficient; rather, the ALJ must identify what

6    symptom claims are being discounted and what evidence undermines these claims.

7    *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

8    Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

9    symptom claims)).  "The clear and convincing [evidence] standard is the most

10   demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

11   1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

12   924 (9th Cir. 2002)).

13        Factors to be considered in evaluating the intensity, persistence, and limiting

14   effects of a claimant's symptoms include: 1) daily activities; 2) the location,

15   duration, frequency, and intensity of pain or other symptoms; 3) factors that

16   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

17   side effects of any medication an individual takes or has taken to alleviate pain or

18   other symptoms; 5) treatment, other than medication, an individual receives or has

19   received for relief of pain or other symptoms; 6) any measures other than treatment

20   an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 26.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting

limitations relies significantly on the ALJ's assessment of the medical evidence.

Further, the ALJ's evaluation failed to consider Plaintiff's symptom claims in light

of the fact that she would have been found disabled as of her 50th birthday had she

been found unable to communicate in English.  Having determined a remand is

necessary to reconsider Plaintiff's ability to communicate in English and to

readdress the medical source opinions, any reevaluation must necessarily entail a

reassessment of Plaintiff's subjective symptom claims.  Thus, the Court need not

reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's

symptom claims in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d

ORDER - 19

1    1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the

2    reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

3        **D. Remedy**

4        Plaintiff urges this Court to remand for an immediate award of benefits.

5    ECF No. 14 at 21.

6        "The decision whether to remand a case for additional evidence, or simply to

7    award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

8    1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

9    When the Court reverses an ALJ's decision for error, the Court "ordinarily must

10   remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

11   1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

12   proper course, except in rare circumstances, is to remand to the agency for

13   additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

14   775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

15   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

16   discretion for a district court not to remand for an award of benefits" when three

17   conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

18   credit-as-true rule, where (1) the record has been fully developed and further

19   administrative proceedings would serve no useful purpose; (2) the ALJ has failed

20   to provide legally sufficient reasons for rejecting evidence, whether claimant

ORDER - 20

testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the Court finds further proceedings are necessary to resolve conflicts in the record.  While Plaintiff argues she should be found disabled under the relevant Medical-Vocational Rule due to her inability to communicate in English, Defendant pointed to conflicting evidence regarding Plaintiff's ability to communicate in English as discussed *supra,* which Plaintiff did not provide any responsive argument to in her reply brief.[6]  Further, even if the ALJ were to have

---

[6] The Court notes that Plaintiff's reply brief to Defendant's Motion for Summary Judgment was due by February 19, 2021, ECF No. 13, and Plaintiff untimely filed the reply on February 24, 2021, ECF No. 20.  The February 24, 2021 deadline was set for Plaintiff to file an optional reply brief to Defendant's response to the Court-ordered supplemental briefing, however Plaintiff's reply does not address the supplemental briefing.  ECF No. 17; ECF No. 20.

ORDER - 21

fully credited the evidence of Plaintiff's inability to communicate in English, the relevant Medical-Vocational Rule for the period prior to Plaintiff turning 50, 202.16, directs a finding of non-disability.  *See* 20 C.F.R. § 404, Appendix 2 to Subpart P.  Further, additional proceedings are necessary for the ALJ to resolve the conflicts in the medical opinion evidence.  As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. Plaintiff's Supplemental Motion for Summary Judgment, **ECF No. 18,** is **DENIED** as moot.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER - 22

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED April 14, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 23